| | |
|---|---|
| **MICHAEL EUGENE OWENS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )     **ORDER** |
| **GENTLEMAN QUARTERLY,** | ) |
| *also known as* | ) |
| **GQ® Magazine,** | ) |
| **CONDE NAST PUBLICATION,** | ) |
| **CHARLES H. TOWNSEND,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint and his motion to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e).

It does not appear from a review of his complaint that Plaintiff is presently incarcerated, however because he has filed a motion to proceed *in forma pauperis* (IFP), the Court must examine his complaint to determine whether this Court has jurisdiction and to ensure that the action is not (1) frivolous or malicious; or (2) that the complaint fails to state a claim upon which relief may be granted; or (3) that Plaintiff is seeking monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners . . .").

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). While the pro se complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those

claims whose factual contentions are clearly baseless," including those claims that describe "fantastic or delusional scenarios." <u>Neitzke</u>, 490 U.S. at 327.

In his complaint, Plaintiff contends that he possesses "rights secured by a copyright . . . in the phrase "DRESS LIKE A WINNER" and that one or more of the defendants violated these rights by depicting this phrase on the cover of GQ® Magazine in 2007, which cover also featured then-senator Barack Obama while he was in midst of his inaugural presidential campaign. In pleading his "copyright" claim, Plaintiff refers to attachments to the complaint. These attachments include a copy of the 2007 GQ® cover, and two undated pictures which depict E. Michael Owens and the phrase "DRESS LIKE A WINNER." (3:15-cv-00039, Doc. No. 1-1 at 2-4). Notably, none of these attachments include any evidence that Plaintiff actually possesses a protected right under the Copyright Act, as codified in 17 U.S.C. § 501 *et seq.*

In order to prevail on a claim of copyright infringement, a plaintiff must first demonstrate "that he owned the copyright to the work that was allegedly copied, and second, that the defendant copied the protected elements of the work." <u>Bouchat v. Baltimore Ravens, Inc.</u> 241 F.3d 350, 353 (4th Cir. 2001) (citing <u>Towler v. Sayles</u>, 76 F.3d 579, 581 (4th Cir. 1996) (internal citation omitted).

As previously noted, in conducting an initial review of a pro se complaint under 28 U.S.C. § 1915(e), the court must determine whether the complaint is frivolous, malicious, or fails to state a claim. Based on the scant support for copyright infringement in the complaint, the Court will therefore order that Plaintiff produce documentation which establishes that he does in fact have a protected copyright interest before this case will proceed to further review. Furthermore, the Court notifies Plaintiff that a claim for copyright infringement must be brought within three years after the claim has accrued. <u>See</u> 17 U.S.C. § 507(b).

**IT IS, THEREFORE, ORDERED** that Plaintiff shall file documentation with the Clerk in this case which demonstrates that he has a protected copyright interest within 14-days from entry of this Order. Failure to do so may result in dismissal of this action and without further notice.

**IT IS SO ORDERED.**

Signed: February 5, 2015

Robert J. Conrad, Jr.
United States District Judge