IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00039-RJC-DCK

| | |
|---|---|
| MICHAEL EUGENE OWENS, | ) |
| Plaintiff, | ) |
| v. | ) **ORDER** |
| GENTLEMEN QUARTERLY, *also known as* GQ MAGAZINE; CONDE NAST PUBLICATION; CHARLES H. TOWNSEND, | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on consideration of Plaintiff's *pro se* second amended complaint and his motion to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e).

In addition to reviewing Plaintiff's motion to proceed *in forma pauperis*, the Court must examine the complaint to determine whether this Court has jurisdiction and to ensure that the action is not (1) frivolous or malicious; (2) that the complaint fails to state a claim upon which relief may be granted; or (3) that Plaintiff is seeking monetary damages from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); see also Michau v. Charleston County, S.C., 434 F.3d 725, 728 (4th Cir. 2006) (noting that § 1915(e) "governs IFP filings in addition to complaints filed by prisoners . . .").

A complaint is deemed frivolous "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). While the pro se complaint must be construed liberally, the Court may "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless," including those claims that describe "fantastic or delusional scenarios." Neitzke, 490 U.S. at 327.

1

In this action, Plaintiff contends that he has a protected trademark interest in the phrase "DRESS LIKE A WINNER" and that Defendant infringed on this interest by depicting that phrase on the cover of its September 2007 issue, which also pictured then-Senator Barack Obama. See (3:15-cv-00039, Doc. No. 1-1).[1] Plaintiff attached a document to his complaint that includes the phrase "DRESS LIKE A WINNER" that appears to be an undated advertisement for Belk SouthPark Mall. (Id. at 1-1 at 3). In further support of his claim, Plaintiff explains that on January 5, 2005, he filed a "Registration" with the Mecklenburg County Register of Deeds in Charlotte which included the "DRESS LIKE A WINNER" phrase. (Id., Doc. No. 8).

Plaintiff contends that Defendant's use of the phrase "DRESS LIKE A WINNER" has damaged his fashion consulting business. In Plaintiff's own words he is "the world [sic] best fashion consultant and the reasons for the first African American U.S. President to the White House . . . all started with "Dress Like a Winner." (Id., Doc. No. 1: Compl. at 3). Plaintiff is seeking a "commission percentage in the amount of $13,500,000.00" as damages in this case.

In order to establish a claim of trademark infringement under 15 U.S.C. § 1114 (Lanham Act claim), a plaintiff must demonstrate that he owns a valid trademark and that the defendant(s) used the trademark without proper authorization in commerce and in a manner which is likely to cause consumer confusion. See Petro Stopping Centers, L.P. v. James River Petroleum, Inc., 130 F.3d 88, 91 (4th Cir. 1997) (citing Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 930 (4th Cir. 1995); Pizzeria Uno Corp. v. Temple, 747 F.2d 1522, 1527 (4th Cir. 1984).

Plaintiff's allegations, and the supporting documents that he has submitted, plainly fail to establish an actionable claim for trademark infringement under federal law. In other words, filing

---

[1] In his original complaint, Plaintiff contended that he had a copyright interest in the phrase, however in his amended complaint he now claims that he has a protected trademark interest. (Id., Doc. No. 1: Compl. at 1; Doc. No. 11: Amended Compl. at 1-2). In his second amended complaint, Plaintiff reiterates that this a trademark interest case.

paperwork with the Mecklenburg County Register of Deeds does not create a federally protected trademark interest in the phrase.

In addition, the GQ Magazine was published in September 2007, yet Plaintiff did not file his complaint until January 22, 2015, and his amended complaint on April 24, 2015. Although there is no statute of limitations for alleged violations of the Lanham Act, in contrast to the three-year statute of limitations applicable to violations of the Copyright Act, Plaintiff's claim (even if he had a valid claim) would likely be barred by the doctrine of *laches* because he waited over 7-years after publication to file his complaint. See Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S.Ct. 1962, 1974 n.15 (2014) (noting that 15 U.S.C. § 1115(b)(9) specifically preserves a *laches* defense). See 17 U.S.C. § 507(b) (Copyright Act) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued.").

For the reasons stated herein, Plaintiff's complaint will be dismissed for failure to state a claim for relief and as being frivolous. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint, as amended, is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis* is **GRANTED.** (Doc. No. 2).

**IT IS SO ORDERED.**

The Clerk of Court is directed to close this civil case.

Signed: July 30, 2015

Robert J. Conrad, Jr.
United States District Judge