IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-00039-RJC-DCK

| | | |
|---|---|---|
| MICHAEL EUGENE OWENS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| GENTLEMEN QUARTERLY, | ) | |
| *also known as* GQ MAGAZINE; | ) | |
| CONDE NAST PUBLICATION; | ) | |
| CHARLES H. TOWNSEND, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on consideration of Plaintiff's "Respond to Order,"

(Doc. No. 19), which the Court construes as a Rule 59(e) motion to reconsider the order dismissing

Plaintiff's civil action in which he claimed that the defendants committed trademark infringement.

(3:15-cv-00039, Doc. No. 16: Order).

With regard to motions to alter or amend a judgment under Rule 59(e) of the Federal Rules

of Civil Procedure, the United States Court of Appeals for the Fourth Circuit has stated: "A district

court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: '(1) to

accommodate an intervening change in controlling law; (2) to account for new evidence not

available at trial; or (3) to correct a clear error of law or to prevent manifest injustice.'" Hill v.

Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34

F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make

arguments that could have been made before the judgment was entered." Id. (internal citation

omitted). Indeed, the circumstances under which a Rule 59(e) motion may be granted are so

limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended,

Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186

F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, et al., Federal Practice and

Procedure § 2810.1 (2d ed. 1995)).

In his "Response to Motion" Plaintiff has simply provided written legal commentary from

a third-year law student on the issue of trademark infringement, which Plaintiff may or may not

have been authorized to file, and has therefore failed to show the existence of the limited

circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does

not present evidence that was unavailable when he filed his complaint nor does his motion present

argument regarding an intervening change in the applicable law. Furthermore, Petitioner has not

shown that a clear error of law has been made, or that failure to grant the motion would result in

manifest injustice. See Hill, 277 F.3d at 708. In sum, the Court will deny Plaintiff's motion for

reconsideration.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion for reconsideration is

**DENIED**. (Doc. No. 19).

**SO ORDERED.**

Signed: August 18, 2015

Robert J. Conrad, Jr.
United States District Judge